COURT OF APPEALS OF VIRGINIA


Present:  Judges Kelsey, Petty and Senior Judge Bumgardner


TEAWANDA STROTHER

                                                                MEMORANDUM OPINION*
v.       Record No. 1132-09-2                                          PER CURIAM
                                                                    OCTOBER 13, 2009
PETERSBURG DEPARTMENT
  OF SOCIAL SERVICES


                    FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                                    James F. D'Alton, Judge

                (James R. Traylor; James R. Traylor & Associates, on brief), for
                appellant. Appellant submitting on brief.

                (Joan M. O'Donnell; Katina C. Whitfield, Guardian *ad litem* for the
                minor children, on brief), for appellee. Appellee and Guardian *ad
                litem* submitting on brief.


        Teawanda Strother appeals the termination of her parental rights to her four children

pursuant to Code §§ 16.1-283(B) and (C)(2). Strother argues the trial court erred in terminating her

rights because it was the children's father who was convicted of felony child neglect and he was the

individual accused of molesting two of her children. Upon reviewing the record and briefs of the

parties, we conclude this appeal is without merit. Accordingly, we affirm the decision of the trial

court.

        "The Court of Appeals will not consider an argument on appeal which was not presented

to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

See Rule 5A:18. There is no evidence in the statement of facts that Strother presented this

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

argument to the trial court. Accordingly, Rule 5A:18 bars our consideration of this question on appeal.

Moreover, Code § 16.2-283(B) provides that the residual parental rights of a parent of a child found by the court to be neglected or abused and placed in foster care may be terminated if clear and convincing evidence proves that it is in the best interests of the child and that:

> 1. The neglect or abuse suffered by such child presented a serious and substantial threat to his life, health or development; and
> 2. It is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so as to allow the child's safe return to his parent or parents within a reasonable period of time. In making this determination, the court shall take into consideration the efforts made to rehabilitate the parent or parents by any public or private social, medical, mental health or other rehabilitative agencies prior to the child's initial placement in foster care.

We view the evidence in the light most favorable to the prevailing party below and grant to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

In 2006, Strother's six-month-old son, J.W., sustained an injury from non-accidental trauma and Petersburg Department of Social Services (DSS) investigated. After an investigation, Strother agreed to place J.W. with relatives and DSS entered a founded disposition of physical abuse against Strother. In November 2006, Derrell White, the child's father, was convicted of felony child abuse related to J.W.'s injury. Subsequently the juvenile and domestic relations district court (J&DR court) transferred legal custody of J.W. to relatives and entered an order barring contact between J.W. and Strother.[1]

In September 2007, DSS received a complaint that White molested two of Strother's children, T.S. and D.W., while they were in Strother's care. At this time, Strother was living

_____

[1] The termination of Strother's parental rights to her son, J.W., is not part of this appeal.

with White in a motel with her children, T.S., D.W., and N.W. Strother agreed to have the three children live with relatives pending an investigation. Strother failed to cooperate with DSS during its investigations, and in October 2007, DSS filed petitions alleging that the three children were abused and neglected. In November 2007, Strother tested positive for illegal drugs and the J&DR court placed the three children in the legal custody of DSS. Strother was pregnant at the time of the November 2007 positive drug test. On January 3, 2008, Strother gave birth to a girl, J.W., and the J&DR court immediately gave DSS legal custody of the child. White is the father of this child.

On March 19, 2008, the J&DR court adjudicated that Strother's four children were abused or neglected while in her care. The initial goal in the care plan was return to home. According to the plan, Strother was to obtain and maintain appropriate housing, maintain stable employment and demonstrate money management skills, submit to random drug screens, participate in a psychological evaluation and comply with recommendations, participate in a substance abuse assessment and recommended treatment, attend parenting classes and demonstrate appropriate parenting skills during visitation, cooperate with DSS, inform DSS of any change in employment or housing, visit the children on a regular basis, and pay child support.

DSS presented clear and convincing evidence that Strother's neglect of her four children presented a serious and substantial threat to their life, health or development, and it was not reasonably likely that the conditions could be substantially corrected within a reasonable period of time. After White was convicted of felony child abuse of one of Strother's children and accused of molesting two of her children, Strother continued to maintain a relationship with him. Strother completed a psychological evaluation, but she failed to comply with the recommended therapy. Strother completed parenting classes, but she was unable to demonstrate appropriate

parenting skills during supervised visits with the children. Strother completed a substance abuse evaluation, but she failed to comply with the recommended treatment. Strother failed to provide DSS with verification of employment or housing. "'[P]ast actions and relationships over a meaningful period serve as good indicators of what the future may be expected to hold.'" Linkous v. Kingery, 10 Va. App. 45, 56, 390 S.E.2d 188, 194 (1990) (quoting Frye v. Spotte, 4 Va. App. 530, 536, 359 S.E.2d 315, 319 (1987)). Based upon the foregoing, the trial court did not err in terminating Strother's parental rights pursuant to Code § 16.1-283(B).

The trial court also terminated Strother's rights pursuant to Code § 16.1-283(C)(2), which provides that the residual parental rights may be terminated if it is the best interests of the child and

> [t]he parent or parents, without good cause, have been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end.

Decisions to terminate parental rights under Code § 16.1-283(C)

> hinge not so much on the magnitude of the problem that created the original danger to the child, but on the demonstrated failure of the parent to make reasonable changes. Considerably more "retrospective in nature," subsection C requires the court to determine whether the parent has been unwilling or unable to remedy the problems during the period in which he [or she] has been offered rehabilitation services.

Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 271, 616 S.E.2d 765, 772 (2005) (citation omitted).

DSS presented clear and convincing evidence that Strother was unwilling or unable within a reasonable period of time to remedy substantially the conditions which led to the placement of her four children into foster care. Strother failed to comply with the recommended

- 4 -

psychological therapy, she failed to comply with recommended substance abuse therapy, she failed to demonstrate appropriate parenting skills during supervised visits, she failed to provide DSS with verification of employment or housing, and she failed to pay child support. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his responsibilities." Kaywood v. Halifax County Dep't of Soc. Serv., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990). Based upon the foregoing, the trial court did not err in terminating Strother's parental rights pursuant to Code § 16.1-283(C)(2).

Accordingly, the trial court's decision terminating Strother's parental rights pursuant to Code §§ 16.1-283(B) and (C)(2) is affirmed.

Affirmed.